**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW UNDERWOOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:26-cv-505-JSD |
| | ) | |
| OFFICER D ELLINGTON | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff Andrew Underwood brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. The matter is now before the Court upon Plaintiff's application to proceed without prepayment of the required filing fees and costs (ECF No. 2) and motion to appoint counsel (ECF No. 3). Having reviewed the application and the financial information submitted in support, the Court will grant the application to proceed without prepayment of the required filing fees and costs and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). The request for counsel will be denied. Additionally, for the following reasons, the Court will stay and administratively close this action pursuant to *Wallace v. Kato*, 512 U.S. 549 U.S. 384 (2007). The case may be reopened after final disposition of Plaintiff's underlying state criminal proceedings in *State v. Underwood*, No. 25JE-CR03074-01 (23rd Jud. Cir., Jefferson County).

1

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a pretrial detainee at Jefferson County Jail in Hillsboro, Missouri. ECF No. 1.  Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

2

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

3

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against police officer D Ellington of the Crystal City Police Department. ECF No. 1. Plaintiff alleges that on December 25, 2025, he found a hatchet in a field near a Wal-Mart. *Id*. at 6. When he walked across the parking lot carrying the hatchet, he heard someone yell "Drop it or I'll blow your head off." *Id*. Plaintiff looked over his shoulder and saw the defendant pointing a gun at Plaintiff. *Id*. Plaintiff set the hatchet down, at which point the defendants put his gun away and drew his taser. *Id*. at 6-7. Plaintiff states that the

defendant then tased Plaintiff without warning. *Id*. at 7. Another officer and the defendant then jumped on Plaintiff, hitting him, and kneeling on him, ordering him to place his hands behind his back. *Id*. Plaintiff claims the police report was fabricated to cover up for the excessive force used by the defendant, and Plaintiff was unlawfully arrested. *Id*. at 8. For relief, he asks for five million dollars, his pending criminal charges to be dismissed, the defendant's license to be revoked, and for the defendant to be criminally charged. *Id*.

On May 27, 2026, Plaintiff was charged with assault, armed criminal action, and resisting/interfering with an arrest in a felony in Circuit Court of Jefferson County for the events that occurred on December 25, 2025. *State v. Underwood,* No. 25JE-CR03074-01 (23rd Jud. Cir., Jefferson County). A jury trial is currently scheduled for November 2, 2026. *Id*.

### Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff filed this action, alleging constitutional violations arising out of his arrest for assault, armed criminal action, and resisting/interfering with an arrest in a felony. The Court will stay and administratively close this § 1983 action while the underlying

criminal prosecution is pending. Plaintiff may reopen this case after the final disposition of his underlying criminal case, *State v. Underwood,* No. 25JE-CR03074-01 (23rd Jud. Cir., Jefferson County).

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's underlying criminal case is pending before the Jefferson County Circuit Court and is scheduled for jury trial in November of this year. Plaintiff's § 1983 action is based on the same set of facts and circumstances that led to his indictment in the above-named state criminal case and relate to rulings that will likely be made in those pending proceedings and in the anticipated jury trial. As such, the principles of *Wallace v. Kato* dictate that further consideration of Plaintiff's § 1983 claims should be stayed until the underlying criminal matter against Plaintiff has been resolved through criminal proceedings

6

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted currently. This case appears to involve straightforward factual and legal

issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against Plaintiff in *State v. Underwood,* No. 25JE-CR03074-01 (23rd Jud. Cir., Jefferson County).

**IT IS FURTHER ORDERED** that Plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Underwood,* No. 25JE-CR03074-01 (23rd Jud. Cir., Jefferson County), within thirty (30) days after final disposition of the charges is made.

8

**IT IS FURTHER ORDERED** that this case is administratively closed pending final disposition of the criminal charges against Plaintiff and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 4th day of August, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE